No. 88-275

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

RAND LYAL SLOAN,

   Defendant and Appellant,

vs.

STATE OF MONTANA,

   Plaintiff and Respondent.


APPEAL FROM:   The District Court of the Fifth Judicial District,
               In and for the County of Beaverhead,
               The Honorable Arnold H. Olsen, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

Thomas A. Dooling; Dooling Law Office, P.C., Dillon, Montana

      For Respondent:

Honorable Marc Racicot, Attorney General, Helena, Montana
John Paulson, Esq., Assistant Attorney General, Helena, Montana
Thomas R. Scott, Beaverhead County Attorney, Dillon, Montana
Calvin Erb, Esq., Deputy County Attorney, Dillon, Montana


Submitted on Briefs: December 16, 1988

Decided:  February 9, 1989

Filed:

_____
                          Clerk

FILED
'89 FEB 9 AM 11:18
ED SMITH, CLERK
MONTANA SUPREME COURT

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Mr. Sloan was convicted by a jury of aggravated assault in the District Court for the Fourth Judicial District, Beaverhead County. He was sentenced to 15 years. Mr. Sloan appeals. We affirm.

The issues are:

1. Did the District Court err in granting the State's motion in limine which requested that defense counsel be restrained from inquiring into the criminal history of the State's witness?

2. Did the District Court err in other evidentiary rulings?

During the late afternoon of June 7, 1987, Les Ernst, a 63 year old sheepherder, and Glenn Hone entered the Lobby Bar in Dillon, Montana, to discuss a horse owned by Mr. Hone which Mr. Ernst was interested in purchasing. Mr. Hone was on parole from a homicide conviction. While they were standing near the bar the defendant approached them. Mr. Hone testified that the defendant asked him to buy him a drink. When Mr. Hone refused, the defendant asked Mr. Ernst if he would buy him a drink. Mr. Ernst also refused, whereupon the defendant told Mr. Ernst to lend him some money and he would buy his own drinks. When Mr. Ernst again refused, the defendant hit him, knocking him to the floor unconscious. Mr. Hone testified that the defendant hit Mr. Ernst again in the face, and then "put the boots to him," or kicked and stomped on him. Another witness, Rod Fortier, testified that he saw the defendant hit Mr. Ernst four or five times with his fist as Mr. Ernst lay on the floor unconscious. Mr. Ernst sustained serious injuries, including two fractures of his jaw, a nasal fracture, facial contusions, and four broken ribs.

## I

Did the District Court err in granting the State's motion in limine which restrained defense counsel from inquiring into the criminal history of the State's witness?

Prior to trial the State made a motion in limine to prevent defense counsel from inquiring into Glenn Hone's criminal history for purposes of impeachment. On the morning of trial and later in a written offer of proof, defense counsel informed the court that testimony from either Mr. Hone or the defendant would reveal that Mr. Hone told defendant that "he, Hone, would personally see to it that [defendant] served time in prison, because a year at the pen had done him, Hone, a lot of good." Counsel for defendant argued that this statement showed bias or motive to fabricate testimony, and was admissible for this purpose, although linked to the evidence of his felony conviction. The court, however, granted the State's motion, reserving the right to consider the matter at a later time.

Mr. Sloan argues that the credibility of a witness can be impeached by showing motivation to fabricate under Rule 607(a), M.R.Evid., which states, "The credibility of a witness may be attacked by any party, including the party calling him." Rule 607, M.R.Evid., is intended to preserve traditional methods of impeachment, which include impeachment by showing bias or motive to fabricate.

Montana statutorily prohibits inquiry into prior criminal history for impeachment purposes through Rule 609, M.R.Evid., which states:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is not admissible.

3

The rationale behind this rule as explained by the Commission Comments is that impeachment by evidence of conviction of a crime has low probative value in relation to credibility. The Commission Comments further state, "The Commission does not accept as valid the theory that a person's willingness to break the law can automatically be translated into willingness to give false testimony." This rule also avoids the highly prejudicial effect on a jury that is inherent in this type of evidence. There is a strong probability that a juror, hearing that the witness is a convicted felon, will immediately discredit that witness' testimony. The trial may even be turned into a "trial of the witness."

Evidence of a witness' prior criminal history for impeachment purposes is normally irrelevant to any issue at trial. It has low probative value in determining whether a witness is telling the truth. It is highly prejudicial. Therefore, Montana has statutorily declared it to be inadmissible. This exclusionary rule has been upheld by this Court. State v. Short (Mont. 1985), 702 P.2d 979, 42 St.Rep. 1026; State v. Rose (1980), 187 Mont. 74, 608 P.2d 1074.

Mr. Sloan argues that his right to impeach by showing bias should override the prohibition against evidence of criminal history when, as in this case, the two rules conflict. Alternatively, defendant argues that the court's granting of the motion in limine was overly restrictive in that defense counsel should have been allowed to elicit testimony regarding the portion of the statement which did not mention Mr. Hone's criminal history. Since the record does not establish that defense counsel ever offered to restrict testimony on this statement to the admissible portion, we will not consider this argument.

4

The statement as offered, both orally by defense counsel and later in the offer of proof, would necessarily have revealed Mr. Hone's prior criminal history. We consider only whether it was error to prohibit the entire statement. We hold that it was not.

In the present case Mr. Hone's statement that he would personally see to it that the defendant served time in prison could be interpreted to show bias or motive to fabricate. Defendant contends that the exclusion of this testimony deprived him of a fair trial by denying him the right to confront a witness as guaranteed by the Sixth Amendment of the United States Constitution. Defendant refers this Court to Davis v. Alaska (1974), 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed. 347. In Short, this Court previously considered the right to cross-examination in light of the holding in Davis. In Short we held that limiting the extent of cross-examination on charges against a witness which were pending in another state did not violate defendant's right to confrontation of witnesses. We stated:

> A witness' credibility may be attacked through cross-examination to reveal possible biases, prejudices, or ulterior motives if they relate directly to issues or personalities in the case at hand. Davis, 415 U.S. at 315, 94 S.Ct. at 1109, Camitsch, 626 P.2d at 1254-1256. However, the extent of cross-examination on whether a witness has been accused of another or prior crime is within the trial court's discretion. State v. Carns (1959), 136 Mont. 126, 136, 345 P.2d 735, 741; State v. Howard (1904), 30 Mont. 518, 77 P. 50; see also, Alford v. United States (1931), 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624. The extent of cross-examination for these purposes is restricted because of the limited probative value in relation to credibility.

5

702 P.2d at 982.

Montana also considered the Davis rationale in State v. Camitsch (Mont. 1981), 626 P.2d 1250, 38 St.Rep. 563. However, in Camitsch the defendant did not seek to elicit testimony at trial which would reveal prior criminal history. Camitsch is therefore dissimilar to the present case. Additionally, in Rose, this Court found error in the fact that defense counsel did not object to evidence of a witness' prior criminal history. Rose, 608 P.2d at 1081.

In the present case, the trial court was faced with a statutory mandate prohibiting the statement purportedly made by Mr. Hone. Mr. Sloan's asserted denial of the right of confrontation is based upon his own uncorroborated allegation that Mr. Hone made this statement. We hold that the court was well within its exercise of discretion in granting the State's motion in limine restraining Mr. Sloan from eliciting testimony which would reveal Mr. Hone's prior criminal history.

Mr. Sloan also asserts that the trial judge literally endorsed Mr. Hone's testimony as Mr. Hone left the witness stand. This assertion is based on the following excerpt from the transcript:

THE COURT: All right. Anything further from this witness at all?

MR. ERB: No. We don't have anything.

THE COURT: All right. Thank you very much. You're excused.

THE WITNESS: Thanks. All I can do is say what I seen and that's it.

THE COURT: You did good. You did good.

THE WITNESS: And thank you very much.

THE COURT: Thank you, and you're permanently excused.

Mr. Sloan contends that the judge's comment, "You did good. You did good," encouraged the jury to regard Mr. Hone's testimony as "gospel." We note that a court should refrain from comments on witness credibility. Rule 614 M.R.Evid., State v. Bier (1979), 181 Mont. 27, 34, 591 P.2d 1115, 1119. However, taken in context the court's statement was not a comment on the witness' credibility. We hold that Mr. Sloan was not denied a fair trial by this comment.

## II

Did the District Court err in other evidentiary rulings?

Mr. Sloan contends that the District Court erred by not granting him a continuance in order that Police Chief Pat Clark could be subpoenaed and called as a witness. According to Mr. Sloan's offer of proof, Chief Clark's report to the Crime Compensation Unit of the Workers' Compensation Division indicated that the victim was initially receptive to the fight. The District Court did not err in denying this request. Mr. Sloan's motion to compel the service of subpoena on Chief Clark was not timely made. A request for a continuance is within the discretion of the trial judge, taking into consideration the diligence of the movant, § 46-13-202(3), MCA; State v. Walker (Mont. 1987), 733 P.2d 352, 44 St.Rep. 363. Additionally, Mr. Sloan was not prejudiced by the denial of the continuance. Police reports are inadmissible hearsay. Rules 802 and 803(8), M.R.Evid.; Camitsch, 626 P.2d at 1257. Chief Clark was not present during the assault; therefore his own testimony about the report would be inadmissible hearsay. We hold that the District Court did not err in refusing the continuance.

Mr. Sloan next contends that it was error for the court to grant the second part of the State's motion in limine, which restrained him from calling Gloria Sutherland as a witness. Mr. Sloan's offer of proof stated that if allowed, Ms. Sutherland would have testified that she overheard a conversation in which the victim asked Mr. Sloan for money in return for dropping the charges, and also that the victim admitted that as far as he knew Mr. Sloan hit him only once.

The Sixth Amendment guarantees a criminal defendant the right to testimony of witnesses in his favor. State v. Higley (Mont. 1980), 621 P.2d 1043, 1050, 37 St.Rep. 1942, 1948, citing Washington v. Texas (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed. 1019, 1023. However, it does not guarantee him the right to any and all witnesses, regardless of their competency or knowledge. Higley, 621 P.2d at 1050. Ms. Sutherland had no personal knowledge of the assault. Her testimony would have been of a collateral matter of limited probative value. Furthermore, any testimony regarding the victim's statement that as far as he knew, Mr. Sloan hit him only once, would be repetitious since it would be consistent with the victim's own testimony at trial. We hold that there was no error in excluding this testimony.

Mr. Sloan next contends that the trial court should have allowed Ralph Merry to testify that after the assault Mr. Ernst attempted on more than ten occasions to solicit Mr. Merry's aid in getting money from Mr. Sloan, even offering to give Mr. Merry a "cut" of the money. Defendant contends that this testimony might serve to "impugn Ernst's motivations." This testimony is not relevant to the assault incident. It has limited probative value regarding Mr. Ernst's credibility. It was within the discretion of the District Court to limit Mr. Merry's testimony.

8

Finally, Mr. Sloan contends that Loren Rafn's testimony was improperly limited. Mr. Sloan made no offer of proof concerning this testimony, nor is there any indication in the record that his testimony was improperly limited. We affirm the District Court's rulings on this testimony.

The judgment and sentence are affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

9