No. 93-574

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

     Plaintiff and Respondent,

v.

BETH ANN BRISTOW,

     Defendant and Appellant.

FILED

OCT 20 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Chris Christensen, Conrad, Montana

     For Respondent:

          Hon. Joseph P. Mazurek, Attorney General; Carol
Schmidt, Assistant Attorney General, Helena, Montana

          Thomas J. Esch, County Attorney, Kalispell, Montana

Submitted on Briefs:  July 13, 1994

Decided:  October 20, 1994

Filed:

_____

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendant Beth Ann Bristow appeals from a jury verdict of the Eleventh Judicial District Court, Flathead County, finding her guilty of accountability for aggravated kidnapping, and a judgment sentencing her to 30 years in the Women's Correctional Facility and designating her a dangerous offender for the purposes of parole eligibility.

We reverse.

Defendant raises the following issues:

1.   Did the District Court err in permitting the State to inquire into the criminal history of defendant's witness?

2.   Did the District Court err in admitting into evidence and permitting the jury to view color photographs of the victim's injuries?

3.   Was there sufficient corroboration of the accomplices' testimony?

Defendant and Tom Boesch had been common-law married since 1987.   The marriage produced two children, Bruce and Ryan.   In February 1992, Boesch filed a petition for dissolution after defendant decided to move with the children from the Kalispell area to Battle Mountain, Nevada, to be near Rick Crosthwaite.   Both parties filed petitions for temporary custody of the two children. Boesch was eventually awarded temporary custody of the children. Following the custody hearing, defendant returned to Nevada and began spending time with Dwayne Todd Cannady and Rick Smith, friends of Crosthwaite.   Cannady testified that defendant offered

him money to beat up Boesch. Cannady, Smith, and defendant drove from Battle Mountain, Nevada, to Reno, Nevada, so that Cannady and Smith could rent a car. Thereafter, defendant drove back to Battle Mountain. Cannady and Smith drove to Boesch's home in Whitefish and attempted, unsuccessfully, to gain entry.

The next day, Cannady and Smith returned disguised as Easter bunnies bearing candy and baskets. Boesch opened the door and was attacked by the pair who used their fists, a hammer, and a padlock tied to a bandanna. The children were locked in a bedroom while Boesch was left tied up in another bedroom. Approximately two hours later, Cannady telephoned an ambulance for Boesch. Cannady and Smith pled guilty to the offense of aggravated assault for their part in beating Boesch.

Defendant was charged with accountability for aggravated kidnapping. While in chambers, defendant objected to the State's attempt to introduce into evidence color photographs of Boesch's injuries. The court allowed the photographs. Following the State's case-in-chief, defendant moved to dismiss due to lack of corroborative evidence to support the testimony of Smith and Cannady. The court denied the motion. Over defendant's objection, the State cross-examined defense witness Crosthwaite as to his prior criminal history. Defendant moved for a mistrial; the court denied the motion.

A jury found defendant guilty of accountability for aggravated kidnapping, and the court sentenced her to 30 years in the Women's Correctional Facility, designating her a dangerous offender for the

3

purposes of parole eligibility.

Defendant appeals.

## ISSUE 1

Did the District Court err in permitting the State to inquire into the criminal history of defendant's witness?

Our standard of review relating to rulings on the admissibility of evidence is whether the trial court abused its discretion in allowing the evidence. State v. Wing (1994), 264 Mont. 215, 870 P.2d 1368; State v. Stewart (1992), 253 Mont. 475, 833 P.2d 1085; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 803 P.2d 601.

Defendant was charged with aggravated kidnapping by accountability pursuant to §§ 45-2-302 and 45-5-303, MCA. In order to convict defendant under § 45-2-302, MCA, the State had the burden of proving that she promoted or facilitated the aggravated kidnapping of Boesch by soliciting, aiding, or abetting Cannady and Smith. To that end, the State relied heavily on the testimony of Cannady and Smith. In response, the defense relied heavily on the testimony of Crosthwaite to rebut the testimony of Cannady and Smith.

Prior to being questioned about his criminal past, Crosthwaite gave substantial testimony in defendant's behalf. Crosthwaite testified that he never heard defendant wish that Boesch would be crippled or paralyzed. He testified that he had nothing to do with the beating, and that he also believed defendant had nothing to do with the beating. Crosthwaite testified that he never gave Cannady

4

money to beat Boesch. He testified as to Cannady's reputation in the community for violence and dishonesty. Crosthwaite denied furnishing Cannady and Smith with the money to rent a car and to finance their trip to Montana. Crosthwaite testified that it was contrary to defendant's character to hire someone to beat Boesch so that she could regain custody of the children.

The State concluded its cross-examination of Crosthwaite with the following:

BY MR. ESCH (for the State):

Q:   Mr. Cannady ever blow up somebody's pickup truck?
A:   No, sir.
Q:   Do you know somebody who has?
A:   Yes, sir.

MR. CHRISTENSEN (for defendant): Objection, Your honor. That is not relevant.

THE COURT: Overruled.

BY MR. ESCH:

Q:   Do you know somebody who has?
A:   Yes, sir.
Q:   Who?

MR. CHRISTENSEN: Objection, Your Honor. Continuing objection. It is not relevant.

THE COURT: Okay. Overruled.

BY MR. ESCH:

Q:   Tell the jury who blew up somebody's pickup truck in 1986?
A:   I did, sir.
Q:   For revenge?
A:   No, sir.
Q:   Why did you do it?
A:   It was accidental.
Q:   You were convicted of blowing up somebody's pickup truck?
A:   Yes, sir.

5

BY MR. ESCH: I don't have any other questions.

Defendant argues that by allowing testimony about Crosthwaite's criminal past, the court deprived her of a fair trial.

Evidence of Crosthwaite's criminal history was offered to impeach his credibility as a defense witness. That evidence should have been excluded pursuant to Rule 609, M.R.Evid., which provides that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime is not admissible." The rationale behind Montana's statutory prohibition against inquiry into criminal history for impeachment purposes is that impeachment by evidence of conviction of a crime has low probative value in relation to credibility. Sloan v. State (1989), 236 Mont. 100, 104, 768 P.2d 1365, 1367. This rule also avoids the highly prejudicial effect on a jury that is inherent in this type of evidence. Sloan, 768 P.2d at 1367. There is a strong possibility that a jury, hearing that a witness is a convicted criminal, will immediately discredit the testimony of that witness. Sloan, 768 P.2d at 1368.

However, the prohibition of Rule 609 must be weighed against the prohibition of § 46-20-701, MCA, which provides:

> (1) [N]o cause shall be reversed by reason of any error committed by the trial court against the appellant unless the record shows that the error was prejudicial.
> (2) Any error, defect, inequity, or variance which does not affect substantial rights shall be disregarded.

The test this Court has adopted in determining whether the prejudicial error requires a reversal is whether there is a

6

reasonable possibility that the inadmissible evidence might have contributed to the conviction. State v. Bower (1992), 254 Mont. 1, 6, 893 P.2d 1106, 1109; Brodniak v. State (1989), 239 Mont. 110, 114, 779 P.2d 71, 73; State v. Brush (1987), 228 Mont. 247, 252, 741 P.2d 1333, 1336. When assessing the prejudicial effect of an error, we examine the totality of the circumstances in which the error occurred. Brodniak, 779 P.2d at 74.

The State argues that the introduction of such evidence was harmless error that neither prejudiced defendant nor contributed to her conviction. We disagree. There is a strong possibility that the jury dismissed Crosthwaite's testimony upon learning of his criminal conviction, despite the low probative value of that information in relation to his credibility. Given the importance of Crosthwaite's testimony to the defense, there is a reasonable possibility that the inherently prejudicial and inadmissible evidence of his criminal history might have contributed to defendant's conviction.

The record fails to disclose any appropriate reason for the State's inquiry as to the prior criminal conduct of Crosthwaite. We conclude that the prosecution's inquiry was improper under Rule 609, M.R.Evid., and prejudicial under § 46-20-701, MCA.

We hold that the District Court abused its discretion in permitting the State to inquire into the criminal history of defendant's witness.

## ISSUE 2

Did the District Court err in admitting into evidence and

7

permitting the jury to view color photographs of the victim's injuries?

As with Issue 1, our standard of review on the admissibility of evidence is whether the trial court abused its discretion. Wing, 870 P.2d at 1372; Stewart, 833 P.2d at 1087; Steer, 803 P.2d at 603.

The State submitted, and the court admitted into evidence, four enlarged color photographs showing the severe injuries to Boesch's face, legs, and back. Defendant argues that the photographs were offered to arouse the sympathy of the jury, rather than to show any material facts. As a result, defendant argues, the photographs should have been excluded.

Photographs are admissible if they are relevant to describe a person, place, or thing in the case. State v. Johnson (1986), 221 Mont. 503, 515, 719 P.2d 1248, 1256; Fulton v. Chouteau County Farmers' Co. (1934), 98 Mont. 48, 54, 37 P.2d 1025, 1028. However, otherwise relevant photographs are not admissible if their probative value is outweighed by prejudice to the defendant. Rule 403, M.R.Evid.; State v. Mayes (1992), 251 Mont. 358, 371, 825 P.2d 1196, 1205; State v. Henry (1990), 241 Mont. 524, 531, 788 P.2d 316, 320. The balancing of probative value against unfair prejudice is a matter within the discretion of the trial court, and a ruling on the admissibility of photographs will not be disturbed on appeal absent abuse of discretion. Mayes, 825 P.2d at 1205; State v. Devlin (1991), 251 Mont. 278, 283, 825 P.2d 185, 188; State v. Austad (1982), 197 Mont. 70, 83, 641 P.2d 1373, 1380.

Defendant was charged with accountability for aggravated kidnapping. While the State had the burden of proving that the victim suffered bodily injury under § 45-5-303(1)(c), MCA, the record shows that bodily injury was not in dispute. Cannady and Smith, as witnesses for the State, testified as to the bodily injury they had inflicted on Boesch. Both testified that they had been convicted of aggravated assault as a result of the bodily injury they inflicted on the victim. Boesch testified for the State as to the nature and extent of his injuries.

What was in dispute was whether, pursuant to § 45-2-302, MCA, defendant promoted or facilitated the commission of the aggravated kidnapping by soliciting, aiding, or abetting Cannady and Smith. Because bodily injury was not in dispute, the photographs were of little or no probative value in establishing accountability for aggravated kidnapping. In the absence of probative value, the photographs were irrelevant to the State's case, and therefore, could only serve to inflame the jury against the defendant. We conclude that the probative value of the photographs was far outweighed by their prejudicial effect on the jury to the detriment of defendant.

We hold that the District Court erred in admitting into evidence, and permitting the jury to view, color photographs of the victim's injuries.

9

<u>ISSUE 3</u>

Was there sufficient corroboration of the accomplices' testimony?

Because we have found reversible error on the evidence concerning inquiry into the criminal past of a defense witness and the admissibility of photographs, we decline to discuss further evidence of sufficient corroboration.

We reverse and remand for a new trial.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

10

October 20, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Chris Christensen
Attorney at Law
315 South Main
Conrad, MT 59425


HON. JOSEPH P. MAZUREK, Attorney General
Carol Schmidt, Assistant
Justice Bldg.
Helena, MT 59620

Thomas J. Esch
Flathead County Attorney
P.O. Box 1516
Kalispell, MT 59903-1516

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy