*14 JUSTICE TRIEWEILER
dissenting.
¶44 I dissent from the majority’s conclusion that the improper comments made by the prosecutor during his closing argument were not prejudicial to the defendant. Our prior case law assumes that when prosecutors argue facts not in evidence and the credibility of a witness, and express a personal opinion about the guilt of the defendant, it is prejudicial to the defendant. In this case, the prosecutor made all three types of comments.
¶45 We set forth the law regarding closing argument by the State, and a strong admonition to prosecutors to abide by those parameters, in State v. Stringer (1995), 271 Mont. 367, 897 P.2d 1063. There we stated that:
This Court has stated repeatedly that it is highly improper to characterize either the accused or the witnesses as liars or offer personal opinions as to credibility. State v. Arlington (1994), 265 Mont. 127, 157, 875 P.2d 307, 325; State v. Rodgers (1993), 257 Mont. 413, 417, 849 P.2d 1028, 1031; State v. Musgrove (1978), 178 Mont. 162, 172, 582 P.2d 1246, 1252-53. In addition, we have recognized that the Rules of Professional Ethics prohibit a lawyer from asserting personal opinions as to the credibility of a witness, or the guilt or innocence of the accused. State v. Stewart (1992), 253 Mont. 475, 482-83, 833 P.2d 1085, 1089-90; Musgrove, 582 P.2d at 1252-53.
The reasons why prosecutorial comments about the guilt of an accused are improper have been set forth at length in State v. Campbell (1990), 241 Mont. 323, 328-29, 787 P.2d 329, 332-33. Among the reasons are that: (1) a prosecutor’s expression of guilt invades the province of the jury and is an usurpation of its function to declare the guilt or innocence of an accused; (2) the jury may simply adopt the prosecutor’s views instead of exercising their own independent judgment as to the conclusions to be drawn from the testimony; and (3) the prosecutor’s personal views inject into the case irrelevant and inadmissible matters or a fact not legally proved by the evidence, and add to the probative force of the testimony adduced at the trial the weight of the prosecutors’ personal, professional, or official influence.
This Court has been unequivocal in its admonitions to prosecutors to stop improper comment and we have made it clear that we will reverse a case where counsel invades the province of the jury by characterizing a party or witness as a liar, or his testimony as *15 lies. Arlington, 875 P.2d at 325. After considering the prosecutor’s closing and rebuttal arguments in full, we hold that Stuart was prejudiced by the prosecutor’s improper comments.
Stringer, 271 Mont. at 380-81, 897 P.2d at 1071-72.
¶46 In this case, the prosecutor argued facts to the jury which were not in evidence when: (1) he said that charges had been dropped because Sheryl Hetler confirmed Nanini’s story; (2) he said that Kathy Black can now explain to him that spousal abuse syndrome is the reason for Nanini’s inconsistent conduct; and (3) the evidence in this case is stronger than in most cases where charges are filed.
¶47 The prosecutor improperly commented on the credibility of the State’s chief witness, Nanini, when he inferred that her testimony was consistent with what Kathy Black has now explained to him, in spite of the fact that Kathy Black was not allowed to express an opinion that Nanini suffered from spousal abuse syndrome. Finally, the prosecutor improperly expressed his personal opinion about Gladue’s guilt when he stated that: (1) “It’s my job to evaluate cases and decide which ones fly and which ones won’t. This one flies....”; (2) “The one personheld accountable here is the one that committed the crimes.”; and (3) “There are two informations that have been filed and the evidence supports every charge in them, more than in most cases we bring.”
¶48 If the combination of the prosecutor’s comments in this case were not prejudicial, then the bar for proving prejudice has been raised to an impossible level. It is hard to imagine what kind of commentary beyond the record, or what kind of personal opinion about the defendant’s guilt, would be prejudicial.
¶49 In Stringer, we appropriately reaffirmed our strong and consistent admonition to prosecutors to avoid making comments to jurors not supported by the record and to avoid invading the province of the jury by expressing personal opinions about the guilt of the defendant. We reinforced that admonition by concluding that prejudice had been established and ordered that the defendant be retried. With this opinion, we render that strong admonishment a hollow threat and encourage reckless conduct by counsel, with our only guidance being that we will consider improper argument on a case-by-case basis, depending on how it makes us feel on any given day.
¶50 For these reasons, I dissent from the majority opinion. I would reverse the judgment of the District Court and remand for a new trial.
JUSTICE LEAPHABT joins in the foregoing dissenting opinion.