DA 06-0673

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 227

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOVON QUINN JOHNSON,
a/k/a JOVON QUINN WOODENLEGS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-06-011
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jim Wheelis, Chief Appellate Defender; Roberta R. Zenker,
Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; Tammy K. Plubell,
Assistant Attorney General, Helena, Montana

          Cyndee L. Peterson, Hill County Attorney; Bernie Hubley, Special
Deputy County Attorney, Havre, Montana

Submitted on Briefs:  October 31, 2007

Decided:  June 24, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     A jury in the Twelfth Judicial District Court, Hill County, found Jovon Quinn Johnson guilty of aggravated assault. The District Court entered judgment, and Johnson appeals. We affirm.

¶2     We restate the issues as follows:

¶3     1. Did the District Court abuse its discretion in allowing the State to introduce photographs featuring the victim's injuries?

¶4     2. Did the District Court abuse its discretion when it refused to allow Johnson to introduce evidence of pornography possessed by the victim?

¶5     3. Did the District Court abuse its discretion in refusing Johnson's lesser included offense jury instruction?

BACKGROUND

¶6     At about 6:30 a.m. on January 21, 2006, Douglas Heltne telephoned 911 from his home in Havre to report that he had just been beaten up. City Police officers and an ambulance responded, and the badly-bloodied 62-year-old Heltne was taken to the hospital, where he was treated for facial lacerations, a nasal fracture and dislocations of both shoulders.

¶7     Heltne told authorities he had been assaulted by a tall Native American man who appeared in the doorway of his bedroom at about 4 a.m. Heltne stated that, after a brief conversation, the man assaulted him by repeatedly punching him and pushing him down. He said his assailant then left on foot, heading toward a middle school across the street. Shortly

2

thereafter, neighbors reported that a man matching the description given by Heltne had knocked on their door and then headed off toward the middle school.

¶8 A Havre police officer found Johnson lying in the snow in front of the middle school, apparently sleeping. Johnson matched the physical description Heltne had provided and, when the officer observed blood on Johnson's hands, Johnson was arrested. Crime scene investigators photographed bloodstains at numerous locations both inside and outside Heltne's house, where they found no signs of forced entry. Law enforcement also observed and seized allegedly pornographic books, videos and photographs from Heltne's home. The State of Montana charged Johnson with aggravated assault. In a separate proceeding, Heltne was charged with possession of child pornography.

¶9 Johnson timely gave notice of his intent to rely on a defense of justifiable use of force. Thereafter, the State filed a number of pretrial motions, including a motion in limine to prohibit Johnson from offering into evidence photographic or video evidence from Heltne's home depicting various forms of alleged pornography (hereafter, "pornography"), and from eliciting testimony about the pornography. The State also moved for permission to present to the jury a series of photographs depicting Heltne's injuries and some later bruising, to which Johnson objected on grounds that the photos were inflammatory and irrelevant because the State also was presenting testimony about Heltne's injuries. The District Court granted the State's motions.

¶10 Johnson testified on his own behalf at trial. He told the jury he was drunk and lost when he found himself inside Heltne's home. According to Johnson, he was merely trying

to obtain directions to Kennedy's Bar in Harlem, Montana. Heltne invited Johnson into his bedroom, where the two of them sat down on Heltne's bed, Heltne put a video into a VCR and then Heltne put his hand on Johnson. Johnson testified he removed Heltne's hand and told him, "I'm not like that." Heltne then offered him money, which Johnson understood as an offer to pay for a sexual act. Johnson told the jury he refused Heltne's offer of money and, when Heltne tried to touch him again, he hit Heltne in the face three or four times. Johnson testified he tried to leave and Heltne pursued him, grabbing at his clothes. Johnson testified he grabbed Heltne by the arms, twisting them behind Heltne's back and then, when Heltne followed him outside, forcefully pushed Heltne away from him.

¶11 The District Court refused Johnson's requested jury instruction on the lesser included offense of assault, and the jury found Johnson guilty of aggravated assault. The District Court entered judgment, and Johnson appeals.

## STANDARDS OF REVIEW

¶12 We will not overturn a district court's discretionary evidentiary rulings absent an abuse of discretion. *State v. Montgomery*, 2005 MT 120, ¶ 7, 327 Mont. 138, ¶ 7, 112 P.3d 1014, ¶ 7 (citation omitted). Similarly, the standard of review of a trial court's refusal to give an instruction on a lesser included offense is whether the trial court abused its discretion. *State v. Flores*, 1998 MT 328, ¶ 40, 292 Mont. 255, ¶ 40, 974 P.2d 124, ¶ 40 (citation omitted).

## ISSUE 1

¶13 **Did the District Court abuse its discretion in allowing the State to introduce photographs featuring the victim's injuries?**

4

¶14 The District Court admitted photographs of Heltne's injuries into evidence over Johnson's objection, ruling the photos were probative, relevant and not overly gruesome or prejudicial. Johnson claims the District Court abused its discretion in admitting the photographs because the existence of bodily injury to Heltne was not disputed.

¶15 Relying on *State v. Bristow*, 267 Mont. 170, 882 P.2d 1041 (1994), Johnson contends that introduction of the photographs was per se prejudicial because they were inherently inflammatory. In *Bristow*, the fact of bodily injury was not in dispute and, as a result, we held that the district court had erred in admitting color photographs of the victim's injuries into evidence. *Bristow*, 267 Mont. at 176, 882 P.2d at 1045.

¶16 Here, Johnson's position at trial was that Heltne's injuries did not constitute the "serious bodily injury" required for aggravated assault. Disputing the severity of Heltne's injuries placed the existence of serious bodily injury in dispute and, therefore, *Bristow* is not applicable here.

¶17 In addition, we observe that Johnson failed to transmit the photographs in question for our review. The appellant bears the burden of establishing error by the trial court. *City of Billings v. Peterson*, 2004 MT 232, ¶ 19, 322 Mont. 444, ¶ 19, 97 P.3d 532, ¶ 19 (citation omitted). Pursuant to M. R. App. P. 8(2), it is incumbent upon the appellant to transmit the proper record on appeal. We previously have noted that our ability to review whether photographs were properly admitted is inhibited when the photographs are not provided on appeal. *State v. Kearney*, 2005 MT 171, ¶ 16, 327 Mont. 485, ¶ 16, 115 P.3d 214, ¶ 16.

¶18 In addition to failing to arrange for transmittal of the photographs as in *Kearney*,

Johnson has offered no explanation of how or why the photographs prejudiced his case. *See Kearney*, ¶ 16. The District Court observed that "only a couple of them show a bloody face and then a later one shows significant bruising."

¶19    We hold that Johnson has not established that the District Court abused its discretion in admitting photographs of Heltne's injuries.

ISSUE 2

¶20    **Did the District Court abuse its discretion when it refused to allow Johnson to introduce evidence of pornography possessed by the victim?**

¶21    The District Court granted the State's motion in limine prohibiting any reference at trial to Heltne's collection of pornography, reasoning that the evidence was not sufficiently related to Johnson's defense of justifiable use of force and would be prejudicial. Johnson contends the material—particularly the video which he alleged Heltne began to play while the two of them were sitting on the bed—is relevant to the reasonableness of the force Johnson used and was admissible under M. R. Evid. 405(b), as a specific instance of conduct relevant for purposes of establishing Heltne's character.

¶22    Relevant evidence—the only type of evidence admissible at trial—is evidence which has a tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. M. R. Evid. 401 and 402. A trial court may exclude relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence. M. R. Evid. 403

6

¶23    Character evidence generally is not admissible for purposes of proving action on a particular occasion.  M. R. Evid. 404(a).  Johnson relies on M. R. Evid. 405(b), however, which allows evidence of a specific instance of a person's conduct where "the character of the victim relates to the reasonableness of force use by the accused in self defense."  In this regard, Johnson contends the video Heltne allegedly began to play was admissible as a specific instance of Heltne's conduct because it related to the reasonableness of the force Johnson used in self defense.

¶24    Johnson cites two cases, *City of Red Lodge v. Nelson*, 1999 MT 246, 296 Mont. 190, 989 P.2d 300, and *State v. Sattler*, 1998 MT 57, 288 Mont. 79, 956 P.2d 54, in support of his M. R. Evid. 405(b) argument.  Both cases involved justifiable use of force defenses and, in both, we upheld trial court decisions not to admit evidence of the victims' conduct for reasons not at issue in the present case.  *See City of Red Lodge*, ¶ 19; *Sattler*, ¶ 46.  Johnson contends neither case precludes admission of evidence that Heltne possessed pornography in the present case.   He is correct, but the cases also do not support his position here.

¶25    A person is justified in using force against another

> when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force.  However, he is justified in the use of force likely to cause death or serious bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or serious bodily harm to himself or another or to prevent the commission of a forcible felony.

Section 45-3-102, MCA.  Stated differently, the question is whether Heltne's possession of pornography, including the particular video which Heltne allegedly began to play, reflects in any way that Heltne was about to use unlawful force against Johnson.  The question must be

7

answered in the negative here. Thus, the physical evidence Johnson sought to introduce did not relate in any way to the reasonableness of the force used by Johnson.

¶26 On appeal, Johnson also cites the "transaction rule" outlined at § 26-1-103, MCA, in relation to the video he claims Heltne put into a VCR immediately preceding the assault. He did not rely on the statutory transaction rule in the District Court and, as a result, we will not address it for the first time on appeal. *See e.g. State v. Ferguson*, 2005 MT 343, ¶ 38, 330 Mont. 103, ¶ 38, 126 P.3d 463, ¶ 38 (citation omitted).

¶27 In this regard, Johnson quotes from *State v. Weinberger*, 204 Mont. 278, 665 P.2d 202 (1983):

> In a case where self-defense is raised, the state of mind and intent of the defendant is the primary issue. The jury is entitled to know, so far as evidence is available, all the facts and circumstances which tend to throw light upon the parties and their relations and feelings toward each other.

*Weinberger*, 204 Mont. at 292, 665 P.2d at 210. Johnson did present this quote from *Weinberger* to the District Court. On appeal, he states the *Weinberger* quote "is a reflection of the transaction rule." He is incorrect in this latter regard, however, because the defense's evidentiary challenges in *Weinberger* did not relate to or invoke the transaction rule outlined at § 26-1-103, MCA.

¶28 Johnson has not established that his defense would have been further advanced by admission of evidence that Heltne possessed pornography. We note the court allowed other evidence of Johnson's state of mind with regard to justifiable use of force. Indeed, Johnson testified that Heltne touched him in a way that led him to feel uncomfortable and to say "I'm not like that." Johnson also testified that Heltne offered him money. Interestingly, Johnson

8

testified that he avoided looking at the pornography. The fact that Johnson did not view the pornography cements its irrelevance to the reasonableness of the force he used. On the other hand, the potential prejudice to Heltne upon admission of the evidence would have been massive.

¶29 We hold the District Court did not abuse its discretion when it refused to allow Johnson to introduce evidence of pornography possessed by the victim.

ISSUE 3

¶30 **Did the District Court abuse its discretion in refusing Johnson's lesser included offense jury instruction?**

¶31 Pursuant to §§ 45-2-101(66) and 45-5-202(1), MCA, the District Court instructed the jury that a person commits the offense of aggravated assault if the person purposely or knowingly causes serious bodily injury to another that creates a substantial risk of death or causes or can reasonably be expected to cause serious permanent disfigurement or protracted loss or impairment of the function or process of a bodily member or organ. The court declined to give Johnson's proposed instruction on misdemeanor assault, concluding the evidence would not support a conviction for that offense.

¶32 A lesser included offense instruction must be given upon proper request by one of the parties when, based on the evidence, the jury could be warranted in finding the defendant guilty of a lesser included offense. Section 46-16-607(2), MCA. It is undisputed here that misdemeanor assault is a lesser included offense of aggravated assault, and Johnson argues on appeal that the District Court abused its discretion in refusing his instruction on misdemeanor assault.

9

¶33    A person commits misdemeanor assault if the person purposely or knowingly causes bodily injury—defined as physical pain, illness or an impairment of physical condition, including mental illness or impairment—to another.  Sections 45-2-101(5) and 45-5-201(1)(a), MCA.  In arguing the jury should have been instructed on misdemeanor assault, Johnson admits he caused Heltne's injuries, but suggests the evidence raised a jury question as to whether the injuries were "serious bodily injury."

¶34    Johnson points to no evidence of record which could support a jury finding of mere bodily injury rather than serious bodily injury.  Emergency room physician Cameron Parham testified that Heltne's two dislocated shoulders represented very severe trauma, with possibility of injuries to the lungs and heart.  Parham also testified the dislocated shoulders would have prevented Heltne from returning to his employment for several months.  Heltne's treating physician Bruce Richardson opined one of Heltne's shoulders would be permanently impaired.  Finally, Heltne demonstrated for the jury the limited range of motion in his arms, even after surgery, and testified he was no longer able to do his pre-injury jobs of driving and unloading a fuel truck and performing oil changes on vehicles.

¶35    Johnson attempts to distinguish the present case on the facts from *Flores*, in which we rejected an argument similar to the one he makes here.  Johnson also asserts that application of *Flores* puts him into the "unfair situation" of being forced to choose between "two viable defenses," self defense and a lesser included offense.  Johnson did not make this argument in the District Court; therefore, we will not address it further.  *See Ferguson*, ¶ 38.

¶36    The evidence at trial in the present case clearly established that the victim suffered

more than pain, impairment or reasonable apprehension of bodily injury. We conclude, therefore, that the evidence did not support a jury instruction on misdemeanor assault. On that basis, we hold the District Court did not abuse its discretion in refusing Johnson's lesser included offense jury instruction.

¶37 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS