

DA 11-0625

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 183N

GORDON SEES THE GROUND, JR.,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 10-0763
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Gordon Sees The Ground, Jr. (self-represented litigant); Shelby, Montana

     For Appellee:

        Steve Bullock, Montana Attorney General; Micheal S. Wellenstein, Assistant Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney, Billings, Montana

               Submitted on Briefs:  August 1, 2012

                       Decided:  August 21, 2012

Filed:

_____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Gordon Sees The Ground, Jr. appeals from the District Court's Order dated August 18, 2011 denying his petition for postconviction relief.  We affirm.

¶3     In 2008, Sees The Ground was convicted of felony DUI after Billings police officers found him slumped over the steering wheel of a car with the ignition key in the on position, the headlights on, and parked partially in the traffic lane.  Sees The Ground appealed the conviction and this Court affirmed.  *State v. Sees The Ground*, 2009 MT 375N (table).  Sees The Ground was subsequently charged with and convicted of perjury based upon the testimony he gave at his DUI trial.  Sees The Ground testified at the DUI trial that Orrie Plainbull had driven the car to the location where Sees The Ground was later found behind the wheel.  This was perjury because Plainbull was in the hospital being treated for injuries suffered in a fall during the time Sees The Ground claims Plainbull was driving him around Billings.  Sees The Ground appealed the perjury conviction but the appeal was withdrawn.

¶4     Sees The Ground claimed in his postconviction relief petition filed in District Court that the prosecution in his DUI trial withheld material information about a witness

named Gregory Wood, who called 911 to report Sees The Ground slumped over in the vehicle. Sees The Ground claims that the prosecution withheld information that Wood also witnessed two men in a car and saw the passenger get out, fall on the sidewalk, and injure himself while the vehicle drove away. The injured man proved to be Orrie Plainbull, and the vehicle that drove away was the one in which police later found Sees The Ground slumped over the steering wheel.

¶5 The District Court found in this case that Sees The Ground had the transcript of Wood's 911 call and that a defense investigator had interviewed Wood. The District Court concluded that Sees The Ground had not established that the prosecution withheld any material information concerning witness Wood and we find no reason to disturb that conclusion. Sees The Ground and his attorney knew about Wood prior to trial and Wood testified at trial. These claims could have been raised on direct appeal but they were not and so are barred by § 46-21-105(2), MCA (issues which were or could reasonably have been raised on direct appeal may not be raised or considered in a petition for postconviction relief).

¶6 Sees The Ground attempts to raise other issues for the first time on appeal, including allegations that he received ineffective assistance of counsel and that he would never have committed perjury if he had known that the State had evidence that Plainbull could not have driven the car. We decline to consider these issues because they were not presented to the District Court. *State v. Johnson*, 2008 MT 227, ¶ 26, 344 Mont. 313, 187 P.3d 662.

¶7 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. Having reviewed the briefs and the record on appeal we conclude that Sees The Ground has not met his burden of persuasion and that the District Court properly denied relief.

¶8 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT