No. 96-623

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


CITY OF HAMILTON, STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOSEPH MAVROS,

Defendant and Appellant.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Judith A. Loring, Attorney at Law,
Stevensville, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General;
Cregg W. Coughlin, Assistant Attorney General;
Helena, Montana

T. Geoffrey Mahar, Hamilton City Attorney,
Hamilton, Montana


Submitted on Briefs: May 29, 1997

Decided:   July 17, 1997
Filed:

_____

Clerk

Justice Jim Regnier delivered the Opinion of the Court.

Joseph Mavros was charged by amended complaint in the Hamilton City Court with five misdemeanor counts; including assault, domestic abuse, reckless driving, and improper license plates, on March 20, 1996.  He was convicted of reckless driving and two counts of assault.  Mavros appealed this determination to the Twenty-First Judicial District Court, Ravalli County.   The District Court heard the case de novo pursuant to 25-33-301, MCA.  Following a jury trial, Mavros was again found guilty of reckless driving and two counts of assault.  Mavros appeals from the sentence and judgment of the District Court. We reverse.

The issues on appeal are:

1.    Did the District Court abuse its discretion when it allowed a Hamilton County Municipal Court Judge to testify from her recollection as to the testimony of a material witness?

2.    Was sufficient evidence presented at trial to convict Mavros of assault against Janet Ohl?

3.    Is Montana's assault statute unconstitutionally overbroad or vague, as applied to this case?

FACTUAL BACKGROUND

On the afternoon of August 7, 1995, Janet Ohl was driving in Hamilton.  Wendy Clary was in the front passenger seat.  Stephanie Hughes, Clary's eleven-year-old niece, and Ohl's toddler son were in the back seat.  As Ohl waited at an intersection to make a turn, Joe Mavros, her then-estranged common-law husband, pulled his car to a halt in front of Ohl's car and slammed on the brakes. At this point, Mavros either hit the front of Ohl's car and knocked it backward or Ohl became startled when she saw Mavros, popped her clutch, and hit Mavros's car.

Mavros got out of his car and attempted to open the driver's door of Ohl's vehicle. He was angry and exchanged swear words with Ohl. As he argued with Ohl, he stood against the back door and prevented Hughes from exiting the car. As Hughes was crying, Mavros laughed and mocked her. Mavros demanded that Ohl return his key. Ohl threw a key out of the car and Mavros left to retrieve it. At this time, the police arrived and Mavros was arrested.

On March 20, 1996, Mavros was charged by a second amended complaint of the crimes of domestic abuse in violation of   45-5-206, MCA, a misdemeanor, and, in the alternative, with the crime of assault in violation of   45-5-201, MCA, a misdemeanor, as against Janet Ohl; and two additional counts of assault in violation of   45-5-201, MCA, as against Wendy Clary and Stephanie Hughes; improper license plates in

violation
of 61-3-301, MCA, and reckless driving in violation of 61-8-301, MCA.

Mavros pled not guilty. He was tried before a jury in the Hamilton City Court with Judge Martha Bethel presiding. He was found not guilty of domestic abuse, assault against Hughes, and the improper license plate charge. He was convicted of reckless driving and the two counts of assault against Ohl and Clary. He appealed to the District Court the jury's finding of guilty on these charges and his sentence.

The Twenty-First Judicial District Court, Ravalli County, heard the trial de novo pursuant to 25-33-301, MCA, before a jury. At this trial, Wendy Clary was unavailable to testify in court. The District Court, over Mavros's objection, allowed Judge Bethel to testify from her recollection and notes taken in City Court as to Clary's testimony regarding the incident and the alleged assault.

Mavros was found guilty of assault as against Janet Ohl, assault as against Wendy Clary, and the reckless driving charge. Mavros appeals from the judgment and sentence for the two assault convictions.

## ISSUE 1

Did the District Court abuse its discretion when it allowed a Hamilton County Municipal Court Judge to testify from her recollection as to the testimony of a material witness?

The standard of review for evidentiary rulings is whether the district court abused its discretion. State v. Passama (1993), 261 Mont. 338, 341, 863 P.2d 378, 380 (citing State v. Crist (1992), 253 Mont. 442, 445, 833 P.2d 1052, 1054). The district court has broad discretion to determine if evidence is admissible. Accordingly, absent an abuse of discretion, we will not overturn the district court's determination. Passama, 261 Mont. at 341, 863 P.2d at 380.

Mavros argues that Judge Bethel's testimony was hearsay and should have been excluded at trial. The State counters that the testimony of Judge Bethel was allowable as an exception to the hearsay rule set forth in Rule 804(b)(1)(B), M.R.Evid. The State contends, and Mavros does not dispute, that Wendy Clary was unavailable for purposes of Rule 804, M.R.Evid., in the District Court proceeding.

The District Court allowed Judge Bethel to testify as to what Clary said during the City Court trial pursuant to Rule 804, M.R.Evid., which states, in relevant part:

(b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in

compliance with law in the course of the same or another proceeding . . .
and (B) in criminal actions and proceedings, if the party against whom the
testimony is now offered had an opportunity and similar motive to develop
the testimony by direct, cross, and redirect examination.

Rule 804(b)(1)(B), M.R.Evid.  Judge Bethel's testimony at trial as to Wendy Clary's feelings during the incident with Mavros was based on statements Clary made while testifying before Judge Bethel in the City Court proceedings.  Judge Bethel had no personal knowledge of the alleged incident which occurred approximately eight months before the City Court trial.

This Court determines that the testimony of Judge Bethel constituted inadmissible hearsay.  Since Clary's previous testimony was in the City Court proceedings, there was no transcript available which would have provided a verbatim record of her direct and cross-examination. The State offered Clary's testimony, over the objection of the defendant, through Judge Bethel's testimony in the District Court. This was essentially Judge Bethel's recollection of Clary's testimony in the City Court. The error in this procedure is clearly evident when reviewing the record in this case.  On numerous occasions, and in regard to material facts, Judge Bethel either could not recall or had no notes to refresh her recollection as to how Clary testified to certain questions regarding the incident in the City Court proceeding.   Although Mavros had an opportunity to cross-examine Clary in the City Court, he did not have that opportunity in the District Court. Obviously Mavros could only cross-examine Judge Bethel on her recollection of Clary's testimony.

Former testimony is a recognized exception to the hearsay rule and is codified in our Rules of Evidence at Rule 804(b)(1). The rationale behind the exception is that there is a guarantee of trustworthiness at the time the testimony is given, namely, the witness is under oath and subject to cross-examination.  State v. Bouldin (1969), 153 Mont. 276, 282, 456 P.2d 830, 833. This guarantee of trustworthiness is lost when prior testimony is represented to the jury, as was done here, without the benefit of a transcript or other recording and through only the memory of a person who was present in the former proceeding. The District Court in this instance did not admit the prior testimony, but admitted Judge Bethel's recollection of the prior testimony.

Here, the testimony was admitted, not through a transcript which accurately repeated the direct and cross-examination before the District Court jury, but through another person's memory.  This was error.  The prior testimony of a witness is only an exception to hearsay under Rule 804(b)(1), M.R.Evid., when that testimony is offered through the use of a transcript or some other recording device which accurately presents

a verbatim record of the testimony from the earlier proceeding.

We hold that the testimony of Judge Bethel as to Wendy Clary's testimony in the City Court proceedings about the incident with Mavros was inadmissible hearsay and the District Court abused its discretion in admitting this testimony. Without any testimony from the complaining witness, or any other evidence from the trial, the assault conviction as against Clary fails.

ISSUE 2

Was sufficient evidence presented at trial to convict Mavros of assault against Janet Ohl?

In criminal appeals, this Court reviews the sufficiency of the evidence to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Richards (1995), 274 Mont. 180, 184, 906 P.2d 222, 224.

Mavros argues that sufficient evidence in the record does not exist to support the convictions for assault. Under 45-5-201, MCA, a person commits assault if he:

(a) purposely or knowingly causes bodily injury to another;

(b) negligently causes bodily injury to another with a weapon;

(c) purposely or knowingly makes physical contact of an insulting or provoking nature with any individual; or

(d) purposely or knowingly causes reasonable apprehension of bodily harm in another.

First, the State relies on State v. Walsh (Mont. 1997), 931 P.2d 42, 54 St. Rep. 64, for the proposition that because Mavros did not move the District Court, either at the close of the prosecution's case or at the close of all the evidence, for a judgment of acquittal because the evidence was insufficient to go to the jury on the charges of assault against Ohl, this Court should decline to consider this claim on appeal. In Walsh, this Court declined to consider Walsh's challenge to charges of accountability "because Walsh failed to argue at any time prior to filing his brief on appeal that the evidence was insufficient to support the verdict on accountability charges." Walsh, 931 P.2d at 45. In the alternative, if Mavros has not waived the claim, the State contends that there was sufficient evidence presented at trial for a jury to find that Mavros was guilty of assault.

This Court recently overruled Walsh insofar as it bars a claim on appeal of insufficiency of the evidence to support a verdict for failure to raise the issue in the district court. State v. Granby (Mont. 1997), 54 St. Rep. 558. In Granby, we determined that the Legislature intended that a reviewing court have the power to

provide a comprehensive review of the district court proceedings for sufficiency of the evidence without the necessity of a motion challenging the sufficiency of the evidence in the district court.  Granby, 54 St. Rep. at 560.  Accordingly, Mavros is not barred from raising a claim of insufficiency of the evidence to support his conviction on the assault charge against Ohl on appeal.

The only way that Mavros's conviction can be upheld is if there is sufficient evidence that Ohl had a "reasonable apprehension of bodily injury."  Section 45-5-201(d), MCA.

Mavros contends that the evidence at trial was not sufficient to sustain his conviction of assault against Ohl because there was no physical contact between him and Ohl, and Ohl had no reasonable apprehension of injury.  He maintains that this incident involved a verbal yelling match between two people who had an intimate relationship and which was created by Ohl by her actions several days before in trashing and burglarizing Mavros's home and retaining his keys.

The evidence at trial showed that Mavros drove his car in a reckless manner into the wrong lane of traffic and slammed on his brakes to stop his car in front of Ohl's vehicle, which was stopped at an intersection. Two witnesses testified that after the collision, Mavros got out of his car, jumped over other cars in an attempt to get at Ohl, and yelled profanities at Ohl.  However, the testimony at trial was clear that Mavros did not physically strike or touch Ohl.  The act of yelling obscenities at someone does not constitute an assault unless it creates reasonable apprehension of bodily injury in that person. Section 45-5-201(d), MCA.

At trial, Ohl testified that she was only startled when Mavros drove his vehicle up in front of her vehicle stopped at the intersection.  She stated that she anticipated that some sort of confrontation would take place between her and Mavros because she had trashed and burglarized his home two days before the incident in order to provoke him to seek her out and confront her.  Although she was aware of the upcoming confrontation before it happened, that awareness does not preclude Ohl from being afraid of bodily injury; however, she also testified that she was not scared or afraid of Mavros during the entire incident.  She stated that she was not afraid of bodily injury at all during the time of the incident.  Ohl testified to this based on previous incidents between her and Mavros during their relationship.

This Court is aware that Ohl was a reluctant witness against Mavros. After the

incident, Mavros and Ohl reconciled. Ohl testified that she and Mavros considered themselves common-law husband and wife. At the time of trial, Ohl and Mavros were living together and raising their child. However, no evidence was offered at trial to show that Mavros had caused a reasonable apprehension of injury in Ohl to support a claim of assault against her.

After viewing the evidence in the light most favorable to the prosecution, we hold that the evidence presented is not sufficient to support the conviction for assault against Ohl, and Mavros's conviction on this charge is reversed.

ISSUE 3

Is Montana's assault statute unconstitutionally overbroad or vague as applied to this case?

Because this Court has reversed both convictions for assault against Mavros, we decline to address his argument that Montana's assault statute is unconstitutional, both on its face and as applied to him, because it violates his right to free speech.

In conclusion, we hold that the District Court abused its discretion in admitting Judge Bethel's testimony regarding Clary's testimony in the City Court proceeding. We also hold that there was not sufficient evidence to convict Mavros of assault against Ohl. Therefore, Mavros's convictions for assault against Ohl and Clary are reversed. His conviction for reckless driving was not appealed and still stands. This case is remanded to the District Court for proceedings consistent with this opinion.

/S/  JIM REGNIER

We Concur:

/S/  J. A.  TURNAGE
/S/  JAMES C. NELSON
/S/  WILLIAM E. HUNT, SR.
/S/  KARLA M. GRAY
/S/  TERRY N. TRIEWEILER
/S/  W. WILLIAM LEAPHART