*125 JUSTICE LEAPHART,
dissenting.
¶58 I dissent on issue number two: “Did the District Court abuse its discretion when it allowed the prior testimony of a prosecution witness [Manley Ankney] to be read at Hall’s second trial, pursuant to Rule 804(b)(1), M.R.Evid.?”
¶59 Hall objected to the court’s allowing Manley Ankney’s testimony from Hall’s first trial to be read into evidence at the second trial. There is no dispute that Ankney met the unavailability requirement of Rule 804(b)(1), M.R.Evid. There is also no question that Ankney testified and was subject to cross-examination at the first trial. However, new evidence was presented at the retrial indicating that, after the testimony was completed in the first trial and the jury was deliberating, Ankney made the statement that he had taken the knife away from Hall before the stabbing. Evans and Gobert testified at the second trial that they overheard Ankney telling Hall, “I took the knife away from you and I wasn’t giving it back to you until you were a good boy.”
¶60 Hall contends that this subsequent statement by Ankney renders Ankney’s trial testimony unreliable and that allowing Ankney’s prior testimony to be read at the second trial denied Hall his right to confront Ankney through cross-examination, a right guaranteed by Article II, Section 24 of the Montana Constitution.
¶61 Prior testimony is a recognized exception to the hearsay rule and is codified in Rule 804(b)(1), M.R.Evid. This exception is based upon the assumption that the witness gave the prior testimony under oath and was subject to cross-examination. City of Hamilton v. Mauros (1997), 284 Mont. 46, 50, 943 P.2d 963, 966. Here, the majority infers the reliability of Ankney’s prior testimony from the facts that Ankney was under oath and subject to cross- examination at the time of his original testimony. The Court also places considerable stock in the fact that the alleged conversation in which Ankney stated he had taken the knife away from Hall before the stabbing was presented at the second trial and thus the jury could factor in Ankney’s statement when deciding what weight to give his prior testimony. The problem with this approach is that Ankney, the declarant, was not subject to cross-examination as to this subsequent statement, a statement which goes to the very heart of the case; i.e., whether Hall had the knife at the time of the stabbing. Although Ankney was cross-examined in the first trial, that cross-examination was only adequate for purposes of the first trial. The cross- examination was not *126 meaningful, and certainly not complete, for purposes of the second trial because, given the chronology, the cross-examiner was not aware of Ankney’s subsequent statement.
¶62 The Court points out that Evans and Gobert testified at the second trial as to Ankney’s subsequent statement. However, that hearsay presentation denied Hall the opportunity to effectively confront Ankney and denied the second jury the opportunity to observe Ankney under cross-examination as to his critical subsequent statement which cast serious doubt on the reliability of his prior testimony. This, in my view, violated Hall’s right of confrontation under Article II, Section 24 of the Montana Constitution. I would reverse on this issue and affirm on issues one, three and four.