DA 07-0537

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 341

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARK D. SLADE,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 2007-026
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, John Paulson, Assistant
Attorney General, Helena, Montana

          Cyndee L. Peterson, Hill County Attorney, Gina Bishop, Deputy County
Attorney, Havre, Montana

Submitted on Briefs:  September 17, 2008

Decided:  October 9, 2008

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1      Mark D. Slade (Slade) appeals his conviction for driving under the influence (DUI), first offense, in the Twelfth Judicial District, Hill County. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2      In the afternoon of November 3, 2006, Slade drove his car into a utility pole on the Old Post Road near Havre, Montana. When officers responded to the scene of the accident, they found Slade. One of the officers noticed that his speech was slurred and his eyes were bloodshot. A second officer, Trooper Jeffrey Martin (Trooper Martin), conducted an investigation of the crash. While he was investigating the scene, Trooper Martin noticed the smell of alcohol on Slade's breath and in his pickup truck. Trooper Martin also observed that Slade exhibited slurred speech, bloodshot eyes and unsteady walking patterns. Trooper Martin asked Slade to sit in his patrol car while he obtained identifying information from him. While in the car, Trooper Martin asked Slade to perform a horizontal gaze nystagmus test. The results of the test indicated to Trooper Martin possible alcohol impairment. Trooper Martin then informed Slade that he would be taken to the Hill County Detention Center for further processing.

¶3      When Slade refused to voluntarily accompany Trooper Martin, Trooper Martin placed him under arrest and took him to the Hill County Detention Center. Once there, Trooper Martin attempted to administer further field sobriety tests, read Slade the implied consent form, and have him submit to a breath alcohol test. Slade partially complied, but refused to take the breath test.

¶4    Slade was initially charged with DUI and careless driving in Hill County Justice Court and requested a jury trial. He was convicted on February 27, 2007. He then appealed to the District Court, seeking a new trial. A jury trial was scheduled for July 23, 2007. On April 26, 2007, Slade filed a motion to suppress all the evidence obtained during the course of his arrest. Slade offered two separate grounds for suppression. First, he argued that the officers exceeded the scope of the investigatory stop while questioning him in the patrol car. Second, he argued that evidence of his refusal to take a breath test should be suppressed because he was not given a *Miranda* warning prior to the request.

¶5    The District Court denied the motion to suppress on both grounds, and Slade's trial went forward. Prior to trial, the State filed proposed jury instructions. One of these proposed instructions was modeled on § 61-8-404(2), MCA, and instructed the jury that when a person who is under arrest for DUI refuses to submit to a test which detects the presence of alcohol, proof of that refusal is admissible evidence and gives rise to a rebuttable inference that the person was under the influence while driving. Slade also submitted proposed jury instructions. One of them was modeled on §§ 61-8-401 and -407, MCA, and pertained to various inferences which could be drawn based on the results of a breath test. Slade's second proposed jury instruction was derived from § 61-8-407, MCA, and pertained to the definition of alcohol concentration. The third instruction was taken from § 61-8-461(1), MCA, and pertained to the definition of alcoholic beverage.

¶6    At trial, Trooper Martin testified concerning his arrest and processing of Slade. Trooper Martin testified that he read Slade the standard implied consent form, but did not

give him a *Miranda* warning prior to asking him to take a breath test. Slade's counsel also attempted to query Trooper Martin on issues related to the machine used to administer a breath test, and the presumptions which arise as to whether a person is intoxicated based on the results of those tests. The State objected to the testimony on the grounds of relevance, noting that Slade did not take a breath test. The District Court sustained the State's objection, but allowed Slade to make a complete record of his objection after the close of evidence. In explaining the basis for his objection, Slade's counsel explained that in eliciting testimony on these issues he was simply trying to counteract the rebuttable inference of intoxication which arose from Slade's refusal to take a breath test. Slade's counsel argued that information about what would have happened if Slade had taken the test, and the potential inferences from the results of those tests, were backdrop for his argument that there was an unconstitutional shifting of the burden of proof against his client.

¶7 After Slade's attorney made his record, the District Court reiterated the grounds for its decision to sustain the State's objection to testimony on these topics. The District Court stated that because Slade did not take a breath test, and there were no results of a breath test to present to the jury, the introduction of the results of hypothetical breath tests would simply confuse the jury.

¶8 During the settling of jury instructions, Slade's counsel objected to the use of the jury instruction which instructed the jury on the rebuttable presumption of intoxication which arose from Slade's refusal to take a breath test. The District Court overruled the objection holding that the instruction was patterned on § 61-8-404(2), MCA, and allowed

4

the instruction to be given to the jury as Instruction No. 8. The District Court also rejected the three jury instructions offered by Slade which pertained to the results of breath tests and the definitions of blood alcohol concentration and alcoholic beverages. The District Court did so on the grounds that there was no evidence of an actual breath test or test results, and that the introduction of numbers related to such tests would both be confusing to the jury and irrelevant.

¶9 During the State's closing arguments, the prosecution made reference to the rebuttable presumption of intoxication which arose due to Slade's failure to submit to a breath test. Slade's counsel objected that the prosecution was improperly shifting the burden of proof against the defendant. The District Court overruled the objection. Additionally, the prosecution made the following comments to the jury:

> The only evidence, what you heard today, what you saw on the video, what you saw on the pictures, that's all the evidence that is before you. There hasn't been anything else to say otherwise. It comes down to basically the standard that the State has to prove this case beyond a reasonable doubt. Is there any reasonable doubt, do you have any reason to doubt what has been presented to you today? All the evidence that you had supports the charge of driving under the influence of alcohol there hasn't been anything presented otherwise.

¶10 Slade's counsel objected that this comment improperly shifted the burden of proof to Slade. The District Court overruled the objection. Slade was subsequently convicted by the jury of DUI and careless driving

¶11 Slade now timely appeals his DUI conviction. We restate the issues presented by Slade as follows:

5

¶12 **Issue One:** *Did the District Court abuse its discretion and unconstitutionally shift the burden of proof to Slade when it allowed the jury to be given Instruction No. 8?*

¶13 **Issue Two:** *Did the District Court abuse its discretion in limiting Slade's examination of Trooper Martin?*

¶14 **Issue Three:** *Did the prosecution's comments during closing arguments violate Slade's right to a fair trial by undermining the presumption of innocence and shifting the burden of proof to him?*

¶15 **Issue Four:** *Did the District Court err when it denied Slade's motion to suppress evidence of his refusal to take a breath test?*

## STANDARD OF REVIEW

¶16 " 'We review jury instructions to determine whether the instructions as a whole fully and fairly instruct the jury on the applicable law. A district court has broad discretion in formulating jury instructions, and our standard of review is whether the court abused that discretion.' " *State v. English*, 2006 MT 177, ¶ 39, 333 Mont. 23, ¶ 39, 140 P.3d 454, ¶ 39 (quoting *State v. Pittman*, 2005 MT 70, ¶ 30, 326 Mont. 324, ¶ 30, 109 P.3d 237, ¶ 30). Moreover, "[j]ury instructions that impermissibly shift the burden of proof to the defendant may constitute a violation of due process." *State v. Anderson*, 2008 MT 116, ¶ 17, 342 Mont. 485, ¶ 17, 182 P.3d 80, ¶ 17 (citing *State v. McCaslin*, 2004 MT 212, ¶ 24, 322 Mont. 350, ¶ 24, 96 P.3d 722, ¶ 24).

¶17 A district court has broad discretion to determine the relevance and admissibility of evidence, and we will not overturn a district court's evidentiary rulings "absent a showing of abuse of discretion." *State v. Matz*, 2006 MT 348, ¶ 34, 335 Mont. 201, ¶ 34,

150 P.3d 367, ¶ 34. A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. *Matz*, ¶ 34.

¶18 "If a prosecutor's improper comments prejudice a defendant's right to a fair trial, then the proper remedy is reversal." *State v. Sanchez*, 2008 MT 27, ¶ 51, 341 Mont. 240, ¶ 51, 177 P.3d 444, ¶ 51 (citing *State v. Stringer*, 271 Mont. 367, 381, 897 P.2d 1063, 1072 (1995)). To determine if comments by a prosecutor require reversal we employ a two-step analysis, first examining whether the prosecutor's comments were improper, and then determining whether the comments prejudiced the defendant's right to a fair and impartial trial. *Sanchez*, ¶ 51 (citing *State v. Gladue*, 1999 MT 1, ¶ 12, 293 Mont. 1, ¶ 12, 972 P.2d 827, ¶ 12).

¶19 This Court reviews a denial of a motion to suppress to determine whether the findings of fact in support of a district court's decision are clearly erroneous, and whether its conclusions of law are correct. *State v. Wing*, 2008 MT 218, ¶ 25, 344 Mont. 243, ¶ 25, 188 P.3d 999, ¶ 25.

**DISCUSSION**

¶20 **Issue One:** *Did the District Court abuse its discretion and unconstitutionally shift the burden of proof to Slade when it allowed the jury to be given Instruction No. 8?*

¶21 Instruction No. 8 stated the following:

> You are instructed that if a person under arrest for the offense of Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drugs refuses to submit to a test which detects the presence of alcohol, drugs or a combination of alcohol and drugs, proof of that refusal is

7

admissible in a trial of that offense. The jury may infer from the refusal that the person was under the influence. That inference is rebuttable.

¶22 The statutory basis for this jury instruction is § 61-8-404(2), MCA. On appeal, Slade argues that this instruction impermissibly shifted the burden of proof to him, relieved the State of its burden to prove his guilt, and required him to present a defense in order to rebut this presumption. He argues that this jury instruction was unconstitutional and that no corrective instruction was offered which would have mitigated this burden shifting against him.

¶23 While this case was pending on appeal, this Court decided *Anderson*. In *Anderson*, we affirmed our prior decisions in *State v. Michaud*, 2008 MT 88, 342 Mont. 244, 180 P.3d 636, and *City of Great Falls v. Morris*, 2006 MT 93, 332 Mont. 85, 134 P.3d 692, and held that the rebuttable presumption in § 61-8-404(2), MCA, does not unconstitutionally shift the burden of proof against a defendant and affirmed the constitutionality of jury instructions which are patterned on this statute. *Anderson*, ¶¶ 24, 27. While Slade urges us to overrule *Morris* based upon an analysis under federal law, he has not presented any argument demonstrating that *Morris* was wrongly decided. Indeed, Slade has pointed to no caselaw demonstrating that § 61-8-404(2), MCA, unconstitutionally shifts the burden of proof to a defendant. Moreover, the District Court apprised the jury that evidence of the refusal was a permissive, not conclusive, presumption that Slade was intoxicated. Additionally, upon reviewing the jury instructions as a whole, it is also evident that the District Court informed the jury that the

8

State had the burden of proving all the elements of the offense charged against Slade beyond a reasonable doubt.

¶24 In light of our recent affirmance of both *Michaud* and *Morris* in *Anderson*, and the jury instructions as whole which were given in this case, we hold that the District Court did not abuse its discretion in allowing the jury to receive Instruction No. 8.

¶25 **Issue Two:** *Did the District Court abuse its discretion in limiting Slade's examination of Trooper Martin?*

¶26 On appeal, Slade argues that the District Court denied him his constitutional rights to present his theory of the case and to cross examine witnesses against him, when it prevented him from questioning Trooper Martin about the machine used to administer breath tests and various results that can occur when a breath test is administered. However, as the State correctly notes in its briefs, evidentiary rulings are reviewed for an abuse of discretion. As we stated in *State v. Wilson*, 2007 MT 327, 340 Mont. 191, 172 P.3d 1264,

> The right of a defendant in a criminal trial to confront the witnesses against him is contained in the Sixth Amendment to the U.S. Constitution and Article II, Section 24 of the Montana Constitution. "The main and essential purpose of confrontation is *to secure for the opponent the opportunity of cross-examination.*" *Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (alterations and quotations omitted). . . . However, the constitutional guarantee of the Confrontation Clause does not mean that a defendant may cross-examine witnesses on any subjects in any manner whatsoever, without the imposition of limits by the trial judge.

*Wilson*, ¶ 45 (emphasis in original).

¶27 Because Slade has failed to demonstrate that the District Court abused its discretion in limiting his examination of Trooper Martin, we affirm its evidentiary rulings in this regard.

¶28 **Issue Three:** *Did the prosecution's comments during closing arguments violate Slade's right to a fair trial by undermining the presumption of innocence and shifting the burden of proof to him?*

¶29 Slade maintains that the prosecutor made improper comments during closing arguments by commenting on the rebuttable presumption which arises under § 61-8-404(2), MCA. Slade maintains that it was improper to comment on this presumption because it improperly shifted the burden of proof to him, and suggested to the jury that Slade's guilt could be determined by his failure to present evidence. Slade maintains his argument is supported by *State v. Newman*, 2005 MT 348, 330 Mont. 160, 127 P.3d 374. We disagree. Because the rebuttable presumption is constitutional and did not shift the burden of proof to Slade, it was not improper for the prosecutor to comment upon it. In this regard, *Newman* is distinguishable because in that case the prosecutor undermined the defendant's presumption of innocence by criticizing her failure to present evidence which would corroborate her testimony, and also made references to other matters not in evidence. *Newman*, ¶¶ 28-30, 32 (Nelson, J., specially concurring). Here, by contrast, the prosecutor did not comment on matters not in evidence, but rather commented upon the rebuttable presumption, the constitutionality of which has been affirmed in *Morris*, *Michaud*, and *Anderson*. Thus, we conclude the prosecutor's comments did not undermine Slade's right to a fair trial.

¶30 **Issue Four:** *Did the District Court err when it denied Slade's motion to suppress evidence of his refusal to take a breath test?*

¶31 Finally, Slade maintains that the District Court erred in failing to suppress evidence of his refusal to take a breath test. Slade argues that because he was not given a *Miranda* warning prior to the request to take the breath test, the evidence of his refusal to do so must be suppressed. He acknowledges that we addressed this issue in *City of Missoula v. Forest*, 236 Mont. 129, 769 P.2d 699 (1989), but urges us not to follow that decision under the authority of *S.D. v. Neville*, 459 U.S. 553, 103 S. Ct. 916 (1983).

¶32 In *Forest*, we held that "[t]he Fifth Amendment affords no protection against the prosecutor's use of fingerprints, measurements, handwriting, voice identification or blood tests; all constitute 'physical or real' evidence. *Schmerber v. California* (1966), 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. [Thus], appellant's claim of constitutional prohibition against self-incrimination by the admission of his refusal to submit to the blood-alcohol test is foreclosed by the *Neville* decision, which defined the refusal as non-testimonial conduct." *Forest*, 236 Mont. at 134, 769 P.2d at 702. While Slade argues that we should decline to follow *Forest* based on the United States Supreme Court's decision in *Neville*, he provides no reasoning to support this argument. Moreover, it is clear that we relied upon *Neville* in reaching our holding in *Forest*. Thus, Slade's argument that *Neville* provides a basis for distinguishing *Forest* is unavailing.

### CONCLUSION

¶33 The District Court did not abuse its discretion in rejecting Slade's proposed jury instructions and in allowing Instruction No. 8 to be read to the jury, nor did it abuse its

11

discretion in limiting Slade's examination of Trooper Martin.  Finally, the District Court

did not err in denying Slade's motion to suppress.  Thus, we affirm Slade's conviction.


/S/ PATRICIA COTTER


We concur:


/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS