**FILED**

May 13 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0254

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 165N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

MICHAEL JACKO,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DC-2007-028
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Michael Jacko (Self-Represented), Roundup, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General, Tammy Plubell, Assistant
Attorney General, Helena, Montana

            Kent M. Sipe, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: April 29, 2009

Decided: May 13, 2009

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is an appeal by Michael Jacko from the Pre-Trial Order entered by the District Court for the Fourteenth Judicial District, Musselshell County, allowing the State to use previous testimony of a witness at trial, and from the District Court's Judgment finding him guilty of the offense of Driving Under the Influence, first offense, a misdemeanor, in violation of § 61-8-401, MCA. We affirm.

¶3 On March 24, 2007, Deputy Wendy Shores of the Musselshell County Sheriff's Office was on patrol when she received information from another deputy about a possible drunk driver. A concerned citizen had reported that there was an intoxicated individual in a motor vehicle on Main Street in Roundup whom the citizen feared was getting ready to drive off. After obtaining a description, Deputy Shores drove to Main Street to look for the vehicle. She found the green Ford Explorer parked on the side of the street.

¶4 As Deputy Shores approached the vehicle, she noticed that the engine was running and that a man was slumped over the steering wheel. Deputy Shores knocked repeatedly on the vehicle's window to get the man's attention. The man, who was later identified as Jacko, finally acknowledged Deputy Shores and either rolled down his window or opened

2

the door. Deputy Shores observed that Jacko's eyes were glassy and bloodshot, and there was a strong odor of alcohol coming from inside the vehicle. In addition, when she asked for Jacko's drivers' license, Deputy Shores noticed that he had difficulty with dexterity.

¶5 Jacko repeatedly informed Deputy Shores that he did not intend to drive anywhere. However, Deputy Shores explained to him that he was in actual physical control of the vehicle because he was the only person in it, he was sitting in the driver's seat, and the engine was running.

¶6 Deputy Shores requested that Jacko exit the vehicle to perform some field sobriety tests, however, she was only able to conduct one test. When she proceeded to the walk-and-turn test, Jacko's balance was so poor that he staggered toward oncoming traffic. Deputy Shores transported Jacko to the Musselshell County Sheriff's Office where she administered the sobriety tests. She also requested that Jacko submit to a breath test, but he refused.

¶7 A Justice Court jury convicted Jacko of DUI on August 2, 2007. Jacko appealed to the District Court. At the March 4, 2008 pretrial conference, Jacko informed the court that he waived his right to a trial by jury in favor of a bench trial.

¶8 Prior to trial, the State filed a "Notice of Intent to Introduce Transcript of Wendy Shores Testimony" wherein the State expressed its intent to introduce a transcript of Deputy Shores' testimony from the hearing on the revocation of Jacko's license. At a hearing on the matter, the State explained that Deputy Shores was employed as a civilian contractor in Iraq and was not subject to the court's subpoena power, thus she was unavailable to testify. Jacko objected arguing that if he was not allowed to cross-examine

Deputy Shores at the bench trial, his right to confront witnesses would be violated. He maintained that the purpose of the license revocation proceeding was too removed from the purpose of the bench trial to allow the transcribed testimony. Jacko further argued that the State could have taken Deputy Shores' deposition before she moved to Iraq, but failed to do so.

¶9 The District Court determined that Deputy Shores was unavailable and that the requirements of M. R. Evid. 804(b)(1) had been met since Deputy Shores was under oath and subject to cross-examination by the defense when she testified at Jacko's license revocation hearing. Thus, the court admitted the transcript of Deputy Shores' former testimony. After the court's ruling, Jacko entered a no-contest plea to the DUI charge, reserving his right to appeal the court's ruling on the admissibility of Shores' testimony. The court sentenced him to six months in jail with all but one day suspended, and imposed a fine of $600 along with court costs and fees. Jacko appealed.

¶10 Having reviewed the record, the District Court's decision and the parties' arguments on appeal, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶11 Former testimony is a recognized exception to the hearsay rule. *City of Hamilton v. Mavros*, 284 Mont. 46, 50, 943 P.2d 963, 966 (1997) (citing M. R. Evid. 804(b)(1)). "The rationale behind the exception is that there is a guarantee of trustworthiness at the time the testimony is given, namely, the witness is under oath and subject to cross-

4

examination." *Hamilton*, 284 Mont. at 50, 943 P.2d at 966 (citing *State v. Bouldin*, 153 Mont. 276, 282, 456 P.2d 830, 833 (1969)).

¶12 Here, Jacko conceded that Deputy Shores was unavailable to testify. However, he has offered no legitimate reason why his questioning of Deputy Shores at the license revocation proceeding was inadequate for the purposes of his DUI bench trial. As the State points out in its brief on appeal, if Deputy Shores were available to testify at trial, she would have relayed the very same facts to the court as she did in the license revocation proceeding, including the information she received about Jacko's vehicle description, what she did with the information, what happened when she approached Jacko's vehicle, her observations of Jacko's condition, Jacko's responses, Jacko's performance on the field sobriety tests, and her decision to arrest him.

¶13 It is manifest on the face of the briefs and the record before us that this appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and the record supports the District Court's conclusion that Deputy Shores' former testimony was admissible in Jacko's DUI trial pursuant to M. R. Evid. 804(b)(1).

¶14 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS