IN THE SUPREME COURT OF THE STATE OF MONTANA

No. DA-08-0254

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

MICHAEL JACKO,

        Defendant and Appellant.

**BRIEF OF APPELLEE**

On Appeal from the Montana Fourteenth Judicial District Court,
Musselshell County, The Honorable Randal I. Spaulding, Presiding

APPEARANCES:

STEVE BULLOCK
Montana Attorney General
TAMMY PLUBELL
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401

KENT M. SIPE
Musselshell County Attorney
506 Main Street
Roundup, MT 59072

ATTORNEYS FOR PLAINTIFF
  AND APPELLEE

MICHAEL C. JACKO
P.O. Box 683
Roundup, MT 59072-0683

PRO SE DEFENDANT AND
  APPELLANT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................. ii

STATEMENT OF THE ISSUES .........................................................................1

STATEMENT OF THE CASE ............................................................................1

STATEMENT OF THE FACTS ..........................................................................5

SUMMARY OF THE ARGUMENT .........................................................................6

ARGUMENT ..............................................................................................8

THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION
WHEN IT RULED THAT THE STATE COULD ADMIT A
TRANSCRIPT OF DEPUTY SHORE'S PRIOR TESTIMONY FROM
JACKO'S LICENSE REVOCATION PROCEEDING SINCE IT WAS
UNDISPUTED THAT DEPUTY SHORES WAS UNAVAILABLE FOR
TRIAL. ...................................................................................................8

I.      THE STANDARD OF REVIEW .................................................................8

II.     DISCUSSION .........................................................................................8

CONCLUSION ...........................................................................................12

CERTIFICATE OF SERVICE .........................................................................13

CERTIFICATE OF COMPLIANCE ...................................................................13

APPENDIX ................................................................................................14

# TABLE OF AUTHORITIES

## CASES

City of Hamilton v. Mavros,
    284 Mont. 46, 50, 943 P.2d 963, 966 (1997) ................................................8

State v. Buck,
    2006 MT 81, 331 Mont. 517, 134 P.3d 53 ................................................11

State v. Hall,
    1999 MT 297, 297 Mont. 111, 991 P.2d 929 .............................................11

State v. Johnson,
    2008 MT 227, 344 Mont. 313, 187 P.3d 662 .............................................10

State v. Matz,
    2006 MT 348, 335 Mont. 201, 150 P.3d 367 ..............................................8

State v. Slade,
    2008 MT 341, 346 Mont. 271, 194 P.3d 677 ..............................................8

State v. Torgerson,
    2008 MT 303, 345 Mont. 532, 192 P.3d 695 .............................................11

## OTHER AUTHORITIES

Montana Code Annotated
    § 61-8-401 ....................................................................................................10
    § 61-8-403 ....................................................................................................10

Montana Rules of Evidence
    Rule 804(b) .................................................................................................. 8
    Rule 804(b)(1) ............................................................................ 1, 2, 8, 11

Montana Rules of Appellate Procedure
    Rule 12(1)(f) ................................................................................................10

## STATEMENT OF THE ISSUES

Did the district court properly exercise its discretion when it ruled, pursuant to Montana Rule of Evidence 804(b)(1), that the State could enter into evidence at a DUI bench trial, the prior testimony of the arresting officer, given under oath in district court at a license revocation hearing resulting from the same DUI proceeding, when the arresting officer had moved to Iraq and was unavailable for trial?

## STATEMENT OF THE CASE

On August 1, 2007, a justice court jury convicted the Appellant, Michael Jacko (Jacko) of DUI resulting from a traffic stop initiated on March 24, 2007, at 1:35 a.m.  (D.C. Doc. 1, Justice Ct. R.)  The justice court sentenced Jacko to six months in jail with all but one day suspended, imposed a fine of $600 as well as court costs and fees.  (Id.)  Jacko's counsel filed a motion for Stay of Judgment and a Notice of Appeal.  (Id.)

On August 29, 2007, the district court entered a scheduling order setting an omnibus hearing for October 31, 2007, and a jury trial for January 4, 2008. (D.C. Doc. 2.)  The parties signed and filed an Omnibus Hearing Memorandum. (D.C. Doc. 4.)  The State filed a motion to continue the January 4, 2008, trial date, because the State's witness was currently working in Iraq.  (D.C. Doc. 5.)

Consequently, the court rescheduled the jury trial for March 24, 2008, and scheduled a pretrial conference for March 4, 2008. (D.C. Doc. 6.)

At the pretrial conference, Jacko informed the court he waived a jury trial in favor of a bench trial. (3/4/08 D.C. Min. Entry.) Subsequently, he filed a written waiver of jury trial and also requested a continuance of the March 24, 2008, trial setting, because of a conflict with his counsel's trial schedule. (D.C. Docs. 9, 10.) The court rescheduled the bench trial for May 1, 2008. (D.C. Doc. 11.)

Prior to trial, the State filed a Notice of Intent to Introduce Transcript of Prior Testimony. (D.C. Doc. 12.) The State expressed its intent to introduce the prior testimony of the arresting officer, Wendy Shores, which she gave at a hearing in Cause No. DV-07-22 on the suspension of Jacko's license as a result of his DUI arrest. The State argued that Shore's prior testimony was admissible pursuant to Mont. R. Evid. 804(b)(1). (D.C. Doc. 12.)

Jacko's counsel filed a response objecting to the State's proposal. Jacko argued if he was not allowed to cross-examine the arresting officer at the bench trial, even though he was able to cross-examine the arresting officer at the license revocation proceeding, his right to confront the witness would be violated. (D.C. Doc. 13.) He further argued that the purpose of the license revocation proceeding was too removed from the purpose of his bench trial at which the judge would determine whether Jacko was guilty of DUI. (Id.)

2

Prior to the start of trial, the court informed the parties that he intended to allow the transcribed testimony of Deputy Shores from the license revocation proceeding to be admitted provided the State could demonstrate to the court's satisfaction that Deputy Shores was unavailable. (5/1/08 D.C. Min. Entry; 5/01/08 Transcript [Tr.] at 3.) The State explained its position as follows:

> MR. SIPE: It is, Your Honor. The State would move for the admission of Ms. Shores' testimony that was secured pursuant to Cause DV-07-22. That testimony was taken on July 13, 2007, in a companion case, the civil case of Michael Jacko versus State of Montana, Records and Driver Control, ex rel Records and Driver Control, which is commonly the drivers license suspension petition case.
>
> The testimony was provided. It's my understanding that Mr. Arndorfer would request that the entire transcript from that hearing be used or be admitted in this case rather than just solely her testimony. I don't have an objection to that. I would offer that I have at this point her testimony, and I have a portion of the argument of Mr. Arndorfer. The entire transcript of that hearing was not transcribed. It was not requested from the court reporter.
>
> So I'd request that that be admitted in lieu of her testimony for the reason that Ms. Shores is currently employed in the country of Iraq and is not subject to the subpoena powers of the State of Montana.

(Tr. at 5-6.)

In response, Jacko's counsel acknowledged that Deputy Shores was employed in Iraq, not subject to the court's subpoena power and, therefore, unavailable. He argued, however, that the State could have taken her deposition before she moved to Iraq. (Tr. at 7.) The court ruled as follows:

3

All right. And for the record, while I've indicated I gave counsel some indication of my intent here, I am satisfied under Rule 804 that in this case the declarant, Ms. Shores, is unavailable within the meaning of the rule, and that she is no longer employed at the Musselshell County Sheriff's Office. She is apparently a civilian contractor outside the Country and working in Iraq and, as near as I am able to tell, is not subject to the Court's subpoena powers and so forth.

I further find her testimony in the companion civil proceeding meets the requirement of the rule in that she was under oath and subject to cross-examination by the defense at the time. The rule requires that the proceedings be or, excuse me, the same or similar. In the specific words of the statute that testimony is admissible in criminal actions if the party against whom the testimony is now offered, in this case Mr. Jacko, had the opportunity and a similar motive to develop the testimony by direct, cross and redirect examination. And I do find that the two proceedings are substantially similar.

Certainly there are differences as Mr. Arndorfer notes in his brief. The former is a civil proceeding. This is obviously a criminal proceeding. The burdens of proof are different. I find them substantially similar in that, at least part of the basis for the civil proceeding was to retain or regain Mr. Jacko's driving privileges. Certainly that is one of the basis for his request in the criminal case as well.

(Tr. at 7-8.) The court admitted the transcript of Deputy Shores' prior testimony.

(State's Ex. 1, attached as App. A.)

After the court's ruling, Jacko entered a no contest plea to the DUI charge,

reserving his right to appeal the court's ruling on the admissibility of Shores' prior

testimony. (Tr. at 9, 17.) The court sentenced Jacko to six months in jail with all

but one day suspended and imposed a fine of $600. (D.C. Doc. 15, attached

as App. B.) Jacko filed a timely Notice of Appeal. (D.C. Doc. 18.)

4

## STATEMENT OF THE FACTS

On March 24, 2007, Deputy Shores of the Musselshell County Sheriff's Office was on patrol and received information about a possible drunk driver from another deputy. (App. A at 6-7.) A concerned citizen had informed the deputy that there was an intoxicated person in a motor vehicle getting ready to drive. Deputy Shores received the vehicle description and began looking for the vehicle. She found the green Ford Explorer parked on the west side of Main Street. (App. A at 7.) It was about 1:30 a.m. (App. A at 8.)

Deputy Shores approached the vehicle and saw a male slumped over the steering wheel. Deputy Shores was concerned about the person, later identified as Jacko, slumped over the wheel and informed dispatch of her location. She then knocked repeatedly on the window to get Jacko's attention. Jacko finally acknowledged her and rolled down the window or opened the door. (App. A. at 13, 19-20.) Jacko's vehicle was running. Deputy Shores observed that his eyes were very glassy and bloodshot. When she asked for Jacko's driver's license he had difficulty with his dexterity. All of these events were recorded on Deputy Shores' in-car camera video. (App. A at 9.) There was also a very strong odor of an alcoholic beverage coming from inside the vehicle. (App. A at 13.)

Jacko repeatedly informed Deputy Shores that he did not intend to drive anywhere. Deputy Shores explained to him, however, that he was the only person

5

in the vehicle, he was in the driver's seat, and the vehicle was running. Thus he was in actual physical control of the vehicle. (App. A at 11.) Jacko also informed Deputy Shores that he did not wish to speak with her. (Id.)

Deputy Shores requested that Jacko exit the vehicle to perform some field sobriety tests. Deputy Shores only conducted one test. When she proceeded to the walk-and-turn test, Jacko's balance was so poor that he staggered toward oncoming traffic. He did so even though she moved him ten feet from the road. Deputy Shores did not believe it was safe for Jacko to participate in anymore roadside field sobriety tests. (App. A at 17-18.) Deputy Shores took Jacko to the Musselshell County Sheriff's Office where she then requested that he complete field sobriety tests. She also requested that Jacko submit to a breath test, but he refused. (App. A at 19.)

## SUMMARY OF THE ARGUMENT

The burden is on Jacko to demonstrate that the district court abused its discretion when it ruled that Deputy Shore's prior testimony, taken under oath at Jacko's license revocation hearing, was admissible at Jacko's DUI bench trial since Deputy Shore had moved to Iraq and was unavailable. While Jacko conceded Deputy Shore's unavailability, he argued that the two proceedings were so dissimilar that he had dissimilar motives for questioning Deputy Shore at the two

6

proceedings. Other than arguing that the proceedings had different burdens of proof, a factor that would actually work in Jacko's favor at trial, since the State's burden was beyond a reasonable doubt, he offered no insight for the court as to what he would ask Deputy Shores at trial that he had not already asked her at the license revocation proceeding. Similarly, on appeal, Jacko offers no analysis or authority to support his position that the lower court abused its discretion.

It appears from the transcript of the license revocation proceeding that Jacko was not challenging the facts establishing that he was under the influence of alcohol. Rather, he intended to make a legal argument that, based upon the unchallenged facts, he was not in actual physical control of a motor vehicle. Jacko questioned Deputy Shores on this issue at the license revocation hearing. Since the facts were not in dispute, Jacko was in no way prejudiced by the court's ruling that Deputy Shore's prior testimony would be admissible at Jacko's bench trial.

# ARGUMENT

**THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION WHEN IT RULED THAT THE STATE COULD ADMIT A TRANSCRIPT OF DEPUTY SHORE'S PRIOR TESTIMONY FROM JACKO'S LICENSE REVOCATION PROCEEDING SINCE IT WAS UNDISPUTED THAT DEPUTY SHORES WAS UNAVAILABLE FOR TRIAL.**

## I.    THE STANDARD OF REVIEW

A district court has broad discretion to determine the relevance and admissibility of evidence, and this Court will not overturn a district court's evidentiary ruling "absent a showing of abuse of discretion." State v. Slade, 2008 MT 341, ¶ 17, 346 Mont. 271, 194 P.3d 677, quoting State v. Matz, 2006 MT 348, ¶ 34, 335 Mont. 201, 150 P.3d 367. A district court abuses its discretion if it acts arbitrarily without the employment of conscientious judgment, or exceeds the bounds of reason resulting in substantial injustice. Id.

## II.    DISCUSSION

In Montana, prior testimony, as evidenced by Montana Rule of Evidence 804(b)(1), is a recognized exception to the hearsay rule. City of Hamilton v. Mavros, 284 Mont. 46, 50, 943 P.2d 963, 966 (1997). The rationale behind the exception is that there is a guarantee of trustworthiness at the time the testimony is given, because the witness is under oath and subject to cross-examination.

8

Montana Rule of Evidence 804(b) provides:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the courts of the same or another proceeding, (A) in civil actions and proceedings at the instance of or against a party with an opportunity to develop the testimony by direct, cross, or redirect examination, with motive and interest similar to those of the party against whom now offered; and (B) in criminal actions and proceedings, if the party against whom the testimony is now offered had an opportunity and similar motive to develop the testimony by direct, cross, and redirect examination.

In the court below, Jacko conceded that Deputy Shores, who had moved to Iraq, was unavailable. Jacko argued, however, that the license revocation proceeding stemming from his DUI charge, and his DUI bench trial, were such different proceedings that even though he had the opportunity to conduct direct and redirect examination of Deputy Shores at the license revocation hearing his motive to develop the testimony in that proceeding was dissimilar to his motive to develop her testimony in the bench trial. Jacko never made an offer of proof of what he would have developed while questioning Deputy Shores at trial that he had not already developed by questioning her at the license revocation proceeding.

Assuming Deputy Shores was available to testify at trial, she would have relayed the very same facts to the court as she did in the license revocation proceeding, including the information she received about Jacko's vehicle description, what she did with the information, what happened when she

9

approached Jacko's vehicle, her observations, Jacko's responses, Jacko's performance on the field sobriety tests and her decision to arrest him.

The same factors that are relevant to a license revocation hearing--the reason for an investigative stop and the grounds for that stop--are also relevant to a DUI trial. <u>Compare</u> Mont. Code Ann. §§ 61-8-401 and -403. Further, it is apparent from the license revocation hearing that Jacko's defense was that he did not intend to drive anywhere, not that he was not under the influence of alcohol. Jacko's counsel cross-examined Deputy Shores on this very issue at the license revocation proceeding. (App. A at 11-12.) Clearly, Jacko disputed whether being the only person in a running vehicle, slumped over the steering wheel, constituted being in actual physical control of that vehicle. He did not dispute the facts, but rather intended to make a legal argument. Nothing about Deputy Shores appearing at trial, rather than the State relying on her prior testimony, would have bolstered that argument because the facts were really never in dispute.

On appeal, Jacko offers no analysis or support for his conclusion that his motivation for questioning Deputy Shores at the license revocation hearing was so dissimilar from his motivation for questioning her at his bench trial, that his right to confront the witness was violated by the court's evidentiary ruling. As the appellant, Jacko bears the burden of establishing trial court error. <u>See e.g.</u> <u>State v. Johnson</u>, 2008 MT 227, ¶ 17, 344 Mont. 313, 187 P.3d 662 (citation

omitted.) Montana Rule of Appellate Procedure 12(1)(f) squarely places the burden on the appellant to advance legal argument and cite authorities in support of that argument. This Court is not obligated to conduct legal research or develop legal analysis that might support an appellant's position on appeal. State v. Torgerson, 2008 MT 303, ¶ 36, 345 Mont. 532, 192 P.3d 695, citing State v. Buck, 2006 MT 81, ¶¶ 99-100, 331 Mont. 517, 134 P.3d 53.

In State v. Hall, 1999 MT 297, 297 Mont. 111, 991 P.2d 929, the appellant, Hall, argued that the district court abused its discretion when it allowed the prior testimony of a prosecution witness to be read at Hall's second trial, pursuant to Rule 804(b)(1), Mont. R. Evid. Hall argued that while his cross-examination of the witness was adequate for the first proceeding, new evidence had come to light since the first trial, which rendered the witness's testimony in the first proceeding highly questionable. Nonetheless, this Court concluded that admitting the witness's prior testimony did not violate the confrontation clause. Id., ¶¶ 31, 36-37. There would have been far more reason for this Court to find error in Hall than in the instant case. Jacko has offered no legitimate reason why his questioning of Deputy Shores at the license revocation proceeding was inadequate for the purposes of his DUI bench trial.

## CONCLUSION

Jacko has failed to meet his burden on appeal of establishing that the district court abused its discretion when it ruled that Deputy Shore's prior testimony from Jacko's license revocation hearing was admissible at Jacko's bench trial since Deputy Shores was clearly unavailable. The appellee respectfully requests that this Court affirm the evidentiary ruling of the district court, thereby affirming Jacko's conviction for DUI.

Respectfully submitted this ____ day of January, 2009.

STEVE BULLOCK
Montana Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401


By: _____
    TAMMY PLUBELL
    Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing Brief of Appellee to be mailed to:

>Mr. Michael C. Jacko
>P.O. Box 683
>Roundup, MT 59072-0638
>
>Mr. Kent M. Sipe
>Musselshell County Attorney
>506 Main Street
>Roundup, MT 59072

DATED_____    _____

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 11 of the Montana Rules of Appellate Procedure, I certify that this principal brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the word count calculated by Microsoft Word for Windows is not more than 10,000 words, excluding certificate of service and certificate of compliance.

>_____
>TAMMY PLUBELL
>Assistant Attorney General

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. DA-08-0254

---

STATE OF MONTANA,

Plaintiff and Appellee,

v.

MICHAEL JACKO,

Defendant and Appellant.

---

## **APPENDIX**

State's Exhibit 1 ..................................................................Appendix A

Sentence and Judgment ....................................................... Appendix B